UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BETTY BOA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-00359-NAB |
| ) | |
| JACOBS MARSH, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**
**ON DEFENDANT'S MOTION TO DISMISS**

Presently before the court is Defendant's motion to dismiss ("motion") part of this action for failure to state a claim. [Doc. 11]. Defendant filed a memorandum in support of the motion. [Doc. 12]. Plaintiff filed a memorandum in opposition to the motion. [Doc. 14]. Defendant filed a reply. [Doc. 17]. Having fully considered the arguments set forth by the parties, the Court grants Defendant's motion in part and denies the motion in part.[1]

**Discussion**

On February 24, 2011, Plaintiff filed a complaint seeking damages from Defendant, a debt collection company, for three alleged violations of the Fair Debt Collections Practice Act ("FDCPA"). [Doc. 1]. Specifically, Plaintiff alleges that Defendant violated 15 U.S.C. §§ 1692e(10), 1692e(11), and 1692g while attempting to collect a debt allegedly owed by Plaintiff. Defendant seeks to dismiss the alleged violations of §§ 1692e(10) and 1692g.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), the parties consented to the jurisdiction of the undersigned United States Magistrate. [Doc. 10].

what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp*. v. *Twombly,* 550 U.S. 544, 555 (alteration in original) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). Facial plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' ' " *Id*. (quoting *Twombly*, 550 U.S. at 557). "Determining whether a claim is plausible is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.' " *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (citing *Iqbal*, 129 S. Ct. at 1950).

Although a court must accept as true all factual allegations in the complaint, the court is not bound to accept as true legal conclusions, even when couched as factual allegations. *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Therefore, "[a] pleading that merely pleads 'labels and conclusions,' or a 'formulaic recitation' of the elements of a cause of action, or 'naked assertions' devoid of factual enhancement will not suffice." *Hamilton*, 621 F.3d at 817-18 (citing *Iqbal*, 129 S. Ct. at 1949). It is under this framework that the Court considers whether the instant complaint survives Defendant's motion to dismiss.

With respect to the alleged violation of § 1692e(10), Plaintiff alleged in paragraph 12(a) of the complaint that:

> Defendant violated 15 U.S.C. § 1692e(10) by implying to the Plaintiff that it intended to refer Plaintiff's case to an affiliate law firm in Missouri when in fact it did not have an affiliate law firm in Missouri.

§ 1692e(10) provides that "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer [shall be considered a violation of the FDCPA]." *See* 15 U.S.C § 1692e(10).  Therefore, in the Court's view, in order to state a claim for relief under § 1692e(10), the complaint need only allege facts that, when accepted as true, show that a defendant engaged in a false representation or deceptive practice in an effort to collect a debt or obtain information concerning a consumer.  *See Harvey v. Great Seneca Fin. Corp.*, No. C-1-05-047, 2005 WL 1669355 at *4 (July 18, 2005) (complaint alleging § 1692e(10) violation requires an allegation that Defendant engaged in a false or deceptive behavior).

Defendant contends that paragraph 12(a) of the complaint fails to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure because Plaintiff's allegation that Defendant did not have an affiliate law firm in Missouri is a conclusory allegation.  The Court disagrees.  Plaintiff's allegation that Defendant does not have an affiliate law firm in Missouri is in no way a legal conclusion; it is a factual allegation, which under our standard of review, is entitled to an assumption of truth.  *See Iqbal*, 129 S. Ct. at 1949 (In considering a motion to dismiss, the Court accepts as true all factual matters in the complaint).  When this fact is accepted as true and is considered with the remainder of the complaint,[2] the complaint establishes that Defendant, in an effort to collect a debt, falsely represented to Plaintiff that it had affiliate legal counsel in

---

[2] *See Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (In considering a motion to dismiss, "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible.").

3

Missouri.  The claim is therefore plausible because it allows the Court to draw the reasonable inference that Defendant is liable for a violation of § 1692e(10).  *See Iqbal*, 129 S. Ct. at 1949.  Therefore, Defendant's argument fails and the Court denies Defendant's motion to dismiss the alleged violation of § 1692e(10).

Defendant also seeks to dismiss Plaintiff's claim of an alleged violation of § 1692g.  With respect to this claim, the complaint alleges:

> Defendant violated 15 U.S.C. § 1692g by failing to send Plaintiff a 30 day validation notice within 5 days of the first communication.

§ 1692g provides, in pertinent part:

> (a) Notice of debt; contents
>
> "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing- -
>
> **(1)** the amount of the debt;
>
> **(2)** the name of the creditor to whom the debt is owed;
>
> **(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> **(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> **(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

A review of the statute indicates that a simple failure to send a written notice within five days of the initial communication does not necessarily constitute a violation of the statute.  The

statute, by use of the phrase "unless the following information is contained in the initial communication or the consumer has paid the debt," sets forth two unambiguous exceptions to the requirement that a written communication be sent. *See* § 1692g(a). First, if the information in § 1692g(a)(1) – (5) is included in the initial communication, there is no obligation under § 1692g to send a written notice. Second, if the consumer has paid the debt, there is likewise no obligation for the debt collector to send a written notice. Therefore, it is not a violation of the statute for a debt collector simply to fail to send a written notice after an initial communication. If one of the two statutory exceptions is satisfied, a debt collector cannot be liable for a violation of § 1692g.

Because § 1692g does not create a categorical duty for debt collectors to send a written notice after every initial communication, it is the Court's view that, in order to state a claim for relief under § 1692g, the complaint must, at the least, establish that the debt collector had a statutory obligation to send the written notice. Absent facts establishing that the debt collector had the obligation to send the written notice, a complaint alleging a violation of § 1692g fails to set forth a plausible claim. *See Iqbal*, 129 S. Ct. at 1949 (To survive motion to dismiss, complaint must contain sufficient factual matter that, when accepted as true, states a claim for relief that is plausible on its face.).

Here, the complaint does not set forth sufficient facts to establish that Defendant was obligated to send the written notice. The complaint states that there was an initial communication made on October 12, 2010, and that Defendant did not send a written notice after the initial communication. The complaint contains no facts relating to the contents of the initial communication. Because it is not necessarily a violation of 1692g to fail to send a written notice after an initial communication, the facts in the complaint only allow the Court to find that there

exists a "sheer possibility that [Defendant] has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949. As stated above, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citation omitted). Without sufficient facts to establish that Defendant had an obligation to send the written notice under § 1692g, the Court cannot reasonably infer that Defendant is liable for an alleged violation of § 1692g. Simply alleging that Defendant made an initial communication and did not send a written notice after that communication "gets the complaint close to stating a claim, but without some further factual enhancement[,] it stops short of the line between possibility and plausibility of entitle[ment] to relief. *Twombly*, 550 U.S. at 557 (second alteration in original) (internal quotation omitted). Therefore, the Court finds that the complaint fails to state a claim for a violation of § 1692g.

## Conclusion

Based on the above analysis, the Court finds that Defendant's Motion to Dismiss should be granted in part and denied in part. The Court grants Defendant's motion to dismiss the alleged violation of 15 U.S.C. § 1692g. The Court denies the motion to dismiss the alleged violation of 15 U.S.C. § 1692e(10).

Accordingly,

**IT IS HEREBY ORDERED** that, in accordance with this memorandum, Defendants' motion to dismiss is **GRANTED** in part and **DENIED** in part. [Doc. 11].

Dated this 17th day of October, 2011.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

6